

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2006

# USA v. Greene

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2717

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Greene" (2006). *2006 Decisions.* Paper 746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-2717

———

UNITED STATES OF AMERICA

v.

SHAFEEQ GREENE,
                                    Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 02-cr-00685-1)
District Judge:  Hon. Jerome B. Simandle

———

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges

(Filed:   July 14, 2006)

———

OPINION

SLOVITER, Circuit Judge.

Shafeeq Greene appeals from his conviction for knowing possession of a firearm by a formerly convicted felon and from his sentence. As we write primarily for the parties, who are familiar with the record, our recitation of the facts will be limited to those necessary to our determination.

**I.**

On June 21, 2002, Patrolman Sheehan of the Berlin Township, New Jersey, Police Department pulled Greene over for driving a car in excess of the posted speed limit. After discovering that Greene's driver's license and vehicle registration had been suspended, Patrolman Sheehan told Greene the car would be impounded. Greene asked the police to retrieve documents from the vehicle's glove compartment. A back-up officer opened the glove compartment and saw inside it, in plain view, a clear plastic bag with nine red plastic bags in turn containing a white, rock-like substance. Suspecting that the substance was an illegal drug, the officers placed Greene under arrest.[1] A police dog alerted the officers to the scent of drugs both in the car's center console and on cash taken from Greene's pocket. From the center console, the police seized a loaded .45-caliber Glock semi-automatic pistol with its serial number scratched off, $3000 in cash, several cellular telephones, and mail addressed to Greene.

Thereafter, Greene pled guilty in the District Court to a one-count indictment

---

[1] A forensic examination later confirmed that the substance was cocaine.

charging a violation of 18 U.S.C. § 922(g)(1) – knowing possession of a firearm by a formerly convicted felon. In a written plea agreement ("Agreement"), Greene stipulated that the applicable Sentencing Guideline for his knowing and willful possession of the gun was U.S.S.G. § 2K2.1(a)(4)(A), under which the base offense level was at least 20 due to his prior conviction for a controlled-substance offense. Further, Greene stipulated in the Agreement that the gun's serial number had been obliterated, subjecting him to a two-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(4), and that he was entitled to a reduction of three sentencing levels for acceptance of responsibility (pursuant to U.S.S.G. § 3E1.1).

The Pre-Sentence Investigation Report ("PSR") adopted each of the Agreement's stipulations. The PSR also determined that Greene was subject to a four-level enhancement for possession of a firearm "in connection with another felony offense" pursuant to U.S.S.G. § 2K2.1(b)(5), and calculated a Total Offense Level of 23. Greene both objected to this enhancement and moved for a downward departure under U.S.S.G. § 5K2.0 based upon claimed post-offense rehabilitation.

The District Court conducted a sentencing hearing on June 3, 2004. At the conclusion of the hearing, it issued an oral opinion stating that the Government had satisfied its burden of proving by a preponderance of the evidence that Greene was engaged in the felony of drug distribution when he was arrested on June 21, 2002 and possessed the .45 caliber pistol in connection with that felony. The Court found that Greene's Total Offense Level was 23 and, based upon an uncontested Criminal History

Category of III, found that the applicable Guidelines range was 57 to 71 months.

At the sentencing hearing, the District Court also heard argument regarding Greene's downward departure motion. The Court concluded that it had authority to grant Greene's requested departure. Nevertheless, it denied the departure, and instead determined that Greene's effort at rehabilitation after his arrest "warrants a sentence in the low end of the Guideline range," App. at 96. The court imposed a sentence of 57 months with a three-year term of supervised release.

Greene timely filed the present appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II.

Greene makes three arguments on appeal: (1) that, under United States v. Booker, 543 U.S. 220 (2005), the District Court plainly erred by sentencing him pursuant to an unconstitutional sentencing scheme, (2) that the District Court clearly erred by finding that Greene possessed a firearm in connection with the uncharged felony offense of drug distribution, and (3) that the District Court plainly erred by relying at sentencing upon the Judge's personal experience with drug distribution cases.

The Supreme Court in Booker held that the then-prevailing sentence scheme which mandated that sentencing judges apply the Sentencing Guidelines was unconstitutional. It is undisputed that the District Court, in sentencing Greene six months before the Booker decision, treated the Sentencing Guidelines as mandatory rather than advisory. Greene is therefore entitled to resentencing. United States v. Davis, 407 F.3d 162, 165 (3d Cir.

4

2005) (en banc).

On remand, the District Court will have the opportunity to address Greene's challenge to the finding of the connection between the firearm and drug distribution, a connection this court has previously recognized. See, e.g., United States v. Russell, 134 F.3d 171, 183 (3d Cir. 1998) ("[G]uns are a tool of the drug trade."); United States v. Adams, 759 F.2d 1099, 1108 (3d Cir. 1985) (equating the gun with "the most commonly recognized narcotics paraphernalia"); see also, e.g., United States v. Perez, 280 F.3d 318, 342 (3d Cir. 2002) (concluding that expert testimony discussing drug traffickers' use of cell phones and pagers to evade location by police investigators was properly admitted by the district court); United States v. Ten Thousand Seven Hundred Dollars & No Cents in United States Currency, 258 F.3d 215, 232 (3d Cir. 2001) (observing "that the amount of money in claimants' possession . . . constitute[s] probative circumstantial evidence that the currency itself is connected to illicit narcotics transactions"). The evidence in this case, the nine bags containing drugs in the glove compartment and $3,000 in cash alongside several cellular telephones in the center console, appears to fall within those precedents.

Accordingly, we will vacate Greene's sentence and remand this matter for resentencing consistent with Booker. See generally United States v. Cooper, 437 F.3d 324 (3d Cir. 2006) (discussing standards for post-Booker sentencing).[2]

---

[2] The Government argues that "[t]o the extent that Greene seeks review of the District Court's discretionary denial of

5

Greene's motion for a downward departure pursuant to U.S.S.G. § 5K2.0, this Court is without jurisdiction to consider that claim." Appellee's Br. at 1 (citing 18 U.S.C. § 3742(a)). In Cooper, we reaffirmed our pre-Booker precedent barring appellate review of district courts' "discretionary decisions to deny departure, unless for allegation of legal error." Cooper, 437 F.3d at 332 (citing, inter alia, United States v. Ruiz, 536 U.S. 622, 626-28 (2002)). Our vacation and remand of Greene's sentence affords him the opportunity to seek downward departure anew. We express no opinion on this issue.

6